UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAJOR DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2309** |
| **JOHNELL YOUNG, ET AL** | **SECTION "J"(4)** |

**ORDER AND REASONS**

Before the Court is a **Motion to Compel Discovery (Rec. Doc. No. 23)** filed by the *pro se* plaintiff, Major Davis. By this motion, Davis seeks an order from this Court compelling the defendants to respond to his First Request for Production of Documents in which he propounded upon their counsel by mail on November 7, 2011. The motion was noticed for hearing by the Court for February 15, 2012, and the defendants have not filed an opposition.[1] This is a non-dispositive pretrial motion referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.** **Factual Background**

    **A.** **The Complaint**

Davis filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Corporal Johnell Young, Deputy Jason Saltalmachia, Corporal John Scheurman, Lieutenant Richard Mendel, and Lieutenant Raymond Theriot, each in their individual capacity, and former St. Bernard Parish Sheriff Jack Stephens, in his official capacity.

---
[1] Rec. Doc. No. 25.

Davis alleges that, on September 16, 2010, he dropped off two sisters, Brittany and Ieshia Bressards, at the Wal-mart in Chalmette, Louisiana. When he later returned to the Wal-mart to pick them up, the license plate on his Chevy Avalanche truck was reported to police in connection with a possible theft at the store. As he drove into Orleans Parish, he was stopped by vehicles from the St. Bernard Parish Sheriff's Office.

He further claims that Corporal Young and Deputy Saltalmachia exited an unmarked truck with guns drawn and yelling with profanities for him to get out of his truck with his hands in the air. Davis indicates that he exited his truck asking what he had done. Corporal Young continued to order that he put his hands in there and then suddenly holstered his gun and grabbed Davis around the waste to pull him to the ground. Davis claims that Deputy Saltalmachia holstered his gun and his Davis across the head and face several times with his baton. He also states that Corporal Scheurman also punched him in the face, and Lieutenants Mendel and Theriot also beat him with their batons on the legs.

He contends that, when he was finally handcuffed on the ground, the defendants all kicked him hard in the face several times. Then, Deputy Saltalmachia sprayed him in the face with a can of mace and commented that he would have to stay in New Orleans if he wanted to steal.

Davis further alleges that the beatings placed him in need of immediate medical attention, but his requests were denied. He claims that he face stayed discolored in spots, and he suffered bruises on his wrist and left leg. He also requires dental care, claiming that he now needs braces on his teeth.

He indicates that each of the deputies used excessive force against him and failed to intervene in the misuse of force by the others in violation of the Eighth Amendment. He further

claims that the attack was unprovoked and amounted to the torts of assault and battery under Louisiana law. He further claims that the deputies exhibited deliberate indifference to his medical needs also in violation of the Eighth Amendment. He also contends that Sheriff Stephens failed to curb the use of force by his deputies in violation of the Eighth Amendment and Louisiana law.

As relief, Davis requests that immediate arrangements be made for him to receive a doctor's care for the discoloration to his face and bruises, and braces for his teeth. He also requests that he be released from jail to the Louisiana Parole Board and that the arrest and charges be dismissed and expunged from his record. He also seeks compensatory damages totaling $110,000 from the deputies, jointly and severally, for emotional distress and physical injuries resulting from the use of force and the denial of medical care and $10,000 from Sheriff Stephens for failure to prevent the injury to plaintiff. He asks for punitive damages in the amount of $20,000 from each deputy and $10,000 from Sheriff Stephens.

### B.     The *Spears* Hearing

Davis testified that, on September 16, 2010, he gave Brittany and Ieshia Bressards a ride to the Wal-mart in Chalmette, Louisiana. They called him about 30 minutes later to come back for them. As they headed back into Orleans Parish on Claiborne Avenue, several St. Bernard Parish Sheriff's cars surrounded his vehicle. He exited his truck and asked the officer what was wrong. Deputy Young had his gun out and so did Deputy Saltalmachia. Young began yelling and cursing at him. Young put his gun away and grabbed Davis around his waste. Davis grabbed Young back to keep his balance and to stop Young from pushing him to the ground. Davis stated that he spread his feet out to keep the officer from taking him down. At that time, Deputy Saltalmachia put his gun away and went to assist. Young got Davis to the ground and Saltalmachia hit Davis across the head

3

and face with his baton. Corporal Scheurman also came over and punched Davis in the face with his closed fists. Davis also recalled that Lieutenants Mendel and Theriot joined in, but he was not sure who was hitting him once he fell to the ground.

Davis stated that the officers continued to hit and kick him while he was on the ground, even after he was handcuffed. He indicated that, although he was not resisting, it took all five officers to get him into the handcuffs. He claimed that he only raised his hands to defend himself from the officers' blows. He further recalled that, after he was cuffed, he was kicked in the face and pepper sprayed.

Davis also testified that he was charged with several counts of resisting arrest and battery on the police officer. He claims that these charges were never accepted by the district attorney. He also received charges for flight from an officer, theft by access card, and possession of marijuana, which was found in Ieshia's purse. The two women entered pleas of guilty. Davis was tried before Judge Kirk Vaughn. He was convicted of theft, for which he received six months, and flight from an officer, for which he received 30 days. He was found not guilty on the possession of marijuana charge. He anticipates his release on November 2, 2013, because his parole on a prior armed robbery conviction was revoked.

He stated that he is pursuing an appeal from his convictions. He noted that Ieshia testified that he had nothing to do with the theft and an employee from Wal-mart also testified that he never entered the store. He also complains that the officers stopped him after he crossed into Orleans Parish without contacting the proper authorities that they left their jurisdiction.

Davis indicated that he is not sure who hit him once he was on the ground. He believes that it was primarily Deputy Saltalmachia who was responsible for the beatings. He also alleged that

4

Young provoked the incident by using vulgar language and grabbing him. Davis recalled that Young testified at one hearing that he was wrong for using force when he first approached Davis. He also claims that he was denied medical care at the scene. An ambulance was called to the scene, but they treated the officers and not Davis.

Davis also testified that he sued Sheriff Stephens in his official capacity as the employer and supervisor over the deputies. He alleged that the Sheriff failed to assure that his deputies would not violated a citizen's rights by beating him. He indicated that the Sheriff failed to fully train the officers, and the officers did not listen to the training. He also claims that the Sheriff may not have properly disciplined the officers if they were involved in prior excessive force incidents. Davis ultimately resolved that he sued Sheriff Stephens in his official capacity as the employer and supervisor over the other officers, because the Sheriff knew nothing about the incident itself. The Court dismissed the § 1983 claims against Sheriff Stephens on January 10, 2012.[2] The state law claims against him remain before the Court.

## II.  Plaintiff's Motion to Compel

Davis moves for an order to compel the defendants to respond to his First Request for Production of Documents which he propounded upon their counsel on November 7, 2011. He further claims that, when no response was received within 30 days, he wrote to defense counsel on December 8, 2011, asking for an immediate response to the discovery. He again received no response. In support of the motion, Davis provides a copy of the request for production and the letter addressed to defense counsel dated December 8, 2011.

---

[2]Rec. Doc. No. 22.

Davis argues that the defendants' failure to respond waives any objection they may have to do the discovery request. He further argues that the discovery requested is relevant to the litigation to establish a pattern of mistreatment of arrestees by the defendants and is focused only on those records which would show the defendants' involvement in any such prior acts.

**III.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The discovery rules specify that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* Fed. R. Civ. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex.2006) ("[Rule] 37(a) [ (3)(B)(iii) and (iv) ] empowers the court to compel the production of documents ... upon motion by the party seeking discovery."). Materials and information are discoverable if they are "relevant to any party's claim or defense" or if they "appear [ ] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b) (1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd.*, 241 F.R.D. at 263.

Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

As the Fifth Circuit has repeatedly instructed, "'[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).

## IV. Analysis

Davis has presented sufficient information to the Court to establish that his discovery was propounded and that the defendants have not responded. As mentioned above, the defendants also have not responded to the motion to compel when provided the opportunity to do so by the Court. The motion can be granted as unopposed.

Furthermore, having reviewed Davis's requests, it appears that the materials sought are relevant and likely to lead to discoverable materials. As such, the Court will grant Davis motion with the following limitations.

In Request No. 1, Davis seeks "[a]ny and all grievances, complaints, or other documents received by the St. Bernard Parish Sheriff Department" about defendants Young, Saltalmachia, Scheurman, Mendel, Theriot, and Stephens "concerning the mistreatment of citizens or arrestees and memoranda, investigative files, or other documents created in response to such complaints, since January 1, 2004." The incident in this case occurred on September 16, 2010. The Court finds that it would be reasonable and just to limit the scope of the documents to three years prior to the incident, or from September 16, 2007, through the date the response is provided to the plaintiff.

With regard to Request Nos. 2, 3, 4, and 5, the policies, directives or instructions to be provided shall include those in place on September 16, 2007, and any changes thereto since that time.

With regard to Request No. 6, the mug shots and videos shall be limited to those involving suspects or arrestees who complained of injuries caused by any one or more of the defendants, Young, Saltalmachia, Scheurman, Mendel, Theriot, and Stephens, including those of or involving the plaintiff during that time period.

The defendants shall also produce the documents and records sought in Request Nos. 7, 8, and 9 as requested therein.

While the defendants have inexcusably failed to respond to the plaintiff's discovery and have not opposed this motion, the Court concludes that the award of expenses is unwarranted in this case, pursuant to Fed. R. Civ. P. 37(A)(5)(A)(iii).[3] Accordingly,

**IT IS ORDERED** that the plaintiff's **Motion to Compel Discovery (Rec. Doc. No. 23)** is **GRANTED** as unopposed and that, **on or before March 2, 2012**, the defendants **SHALL** provide the plaintiff, Major Davis with responses to his First Request for Production of Documents attached to this motion and propounded to them on November 7, 2011, as limited by this Court's order.

New Orleans, Louisiana, this 15th day of February, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Fed. R. Civ. P. 37 provides the circumstances under which payment of expenses and attorneys fees is required or disallowed when a motion to compel is granted:
(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
    **(iii) other circumstances make an award of expenses unjust.**